EMMA D. MINER *vs.* WILLIAM E. NICHOLS.

PROVIDENCE—MAY 17, 1902.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Damages. Demurrer. Injunctions. Water-Courses.*

A bill in equity seeking to restrain the defendant from continuing an obstruction to a natural water-course, which also prays for damages for the injury already suffered, is demurrable as to that portion of the bill seeking damages ; as the complainant has his action on the case at law for such injuries, and a jury trial is the more appropriate proceeding for the estimation of damages.

(2) *Water-Courses. Injunctions.*

Where it appeared that a natural stream, fed from springs and from the water-shed of the surrounding hills, flowed through complainant's land upon and over defendant's land, which was directed by an artificial ditch into the system of ditches maintained by defendant, but pursuing substantially the course of the natural flow of the water, which flow had been effectually prevented by defendant by means of a dam along defendant's boundary line, thus collecting the water upon the land of complainant, equity will enjoin defendant from maintaining the dam in such manner as to impede the natural flow of the water from complainant's ditch, and require him to remove all obstructions.

BILL IN EQUITY seeking relief set forth in the opinion.

DOUGLAS, J. The complainant is the owner of a farm, or tract of land with a dwelling-house, barn, and other buildings and improvements thereon, situated in the town of Lin-

coln, and bounding easterly upon the Louisquisset turnpike. The defendant is the owner of a farm situated next westerly from the complainant's land. The defendant, in October, 1900, erected upon his own land, along and adjoining the westerly boundary line of the complainant's farm, an embankment or dam of earth and stone, which effectually prevents the flow of water from the complainant's land upon the defendant's land, except such as may flow through an overflow pipe near the top of the dam. A large quantity of water has collected upon the complainant's land, covering several acres of the surface of his farm, and impeding the use of his well and cesspool and the land so covered.

The complainant alleges that before the erection of this dam there existed a natural stream of water, running from her land upon and through the defendant's farm, which furnished a channel for disposing of the water which now accumulates, and she prays that the defendant may be restrained from continuing the obstruction to this water-course, and also prays for damages for the injury already suffered. The defendant denies that any water-course, such as complainant describes, ever existed, but alleges that the water now collected upon complainant's land is surface water from the neighboring hills and is naturally deposited where it lies. He also demurs to so much of the bill as prays for damages.

(1) The demurrer to part of the prayer of the bill must be sustained. The complainant has his action on the case at common law for such injuries, and a jury trial is the more appropriate proceeding for the estimation of damages. There is no analogy between this case and the infringement of a patent where equity holds the user of another's invention as a trustee accountable for profits earned. Here the damages are unliquidated, and cannot be made the subject of an accounting.

(2) We think that the preponderance of evidence satisfactorily establishes the fact that a natural stream, fed as well from springs as from the water-shed of the surrounding hills, flowed through the complainant's land upon and over the defendant's land. Since 1873, and perhaps longer, this water-

course was directed by an artificial ditch into the system of ditches maintained by the defendant, but it is apparent from the physical conformation of the land that the ditch pursued substantially the course of the natural flow of the water. The complainant's right to demand an unobstructed discharge of these waters is therefore unquestionable.  Gould on Waters, § 204.

An injunction will be granted forbidding the defendant to maintain his embankment in such manner as to impede the natural flow of the water from the complainant's ditch, and requiring him within a reasonable time to remove all obstructions which the embankment makes to the free flow of said water.

*R. W. Burbank and James L. Jenks*, for complainant.
*E. D. Bassett*, for respondent.